REQUESTED BY: Senator John DeCamp Nebraska State Legislature 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
For the purpose of determining whether corrective legislation is necessary, you ask our opinion as to whether the case of Memphis Bank and Trust Company v. Garner, decided by the United States Supreme Court, January 24, 1983, casts doubt on the validity of any of Nebraska's taxing statutes. It is our conclusion that it does.
31 U.S.C. § 742 provides:
 Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority. This exemption extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of the tax, except nondiscriminatory franchise or other nonproperty taxes in lieu thereof imposed on corporations and except estate taxes or inheritance taxes.
 Memphis Bank and Trust Company involved a Tennessee tax on banks based upon their `federal taxable income.' Under26 U.S.C. § 103, `federal taxable income,' includes interest on obligations of the United States and its instrumentalities, but does not include interest on state or municipal obligations. The Tennessee statute included in the taxable net earnings interest on obligations of states other than Tennessee, but not those of Tennessee or its political subdivisions. The court held that the tax could not be characterized as nondiscriminatory under 31 U.S.C. § 742, and therefore it violated that section.
Our individual income tax is, of course, based upon the taxpayer's adjusted federal income tax liability. See, Neb.Rev.Stat. § 77-2715 (Supp. 1982). However, Neb.Rev.Stat. § 77-2716 (Reissue 1981) provides that there shall be subtracted from federal taxable income interest or dividends on obligations of the United States and its instrumentalities to the extent includable in gross income for federal tax purposes, but exempt from state income taxes under the laws of the United States. Therefore, we have no problem with respect to individual income taxes.
Neb.Rev.Stat. § 77-2734(1) imposes an income tax on corporations whose business within the state consists exclusively of foreign commerce, interstate commerce, or both. Section 77-2716 applies to such tax, so, again, we have no problem.
Section 77-2734(2), however, imposes a franchise tax on all other corporations doing business in the state. It is measured by the corporation's entire net income. `Entire net income' is defined as federal taxable income derived from sources within this state' without regard to the modification referred to in § 77-2741. Neb.Rev.Stat. § 77-2741
(Reissue 1981) provides, `Interest and dividends are allocable to this state if the taxpayer's commercial domicile is in this state, subject to the modifications provided by section 77-2716.'
Therefore, § 77-2734(2) imposes the franchise tax expressly excluding a deduction for interest or dividends on obligations of the United States or its instrumentalities, while 26 U.S.C. § 103 expressly excludes interest on state or municipal obligations. We are unable to see how it can be argued that Memphis Bank and Trust Company does not apply. It appears that the franchise tax imposed by 77-2734(2) is discriminatory against the United States and its instrumentalities, and is forbidden by 31 U.S.C. § 742.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General